IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD NEWELL, JR.,

                Petitioner,                OPINION AND ORDER

v.                                              09-cv-0076-bbc

STATE OF WISCONSIN,

                Respondent.

---

Donald Newell, Jr., an inmate at the Oshkosh Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to 28 U.S.C. § 2254.

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee

Note to Habeas Rule 4 (quoting Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970)). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The subject of the petition is petitioner's August 2006 conviction in the Circuit Court for Chippewa County of ten counts of sexual assault. According to state court records available electronically, the victim of the sexual assaults was a mentally ill person. Petitioner was sentenced on October 16, 2007 to concurrent 21-year terms on each count, consisting of six years' initial confinement followed by 15 years' extended supervision. On June 3, 2008, after obtaining two extensions of his deadline for seeking postconviction relief or filing an appeal, petitioner filed a motion for resentencing. On September 25, 2008, the court held a resentencing hearing, after which it increased the term of initial confinement to eight years. Wisconsin Circuit Court Access, http://wcca.wicourts.gov, Chippewa County Case Number 06CF122 (visited Feb. 11, 2009).

Petitioner contends that his conviction and sentence are in violation of the laws or Constitution of the United States on the following grounds: 1) "Re: US Supreme Court: Indiana vs. Edwards"; 2) "IQ Tests are not deterministic"; 3) he was denied his right to a jury of his peers because, unlike him, none of the jurors were disabled veterans who had done volunteer work with the disabled and only one was a man; and 4) "someone" wrote a letter and an e-mail threatening and intimidating petitioner's witnesses and the trial judge did

2

nothing about it. The petition contains few supporting facts. It appears that Ground 1 and Ground 2 are challenges to the sufficiency of the evidence proving that the victim was mentally ill, but I am unable to discern that clearly from the petition. Overall, petitioner has failed to allege sufficient facts to allow me to conclude that his detention is in violation of the laws, Constitution or treaties of the United States. Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003) (petition must cross "some threshold of plausibility" before state will be required to answer).

Ordinarily, this court would allow petitioner the opportunity to supplement his petition with facts showing that his detention is unlawful. In this case, however, the petition suffers from a procedural defect as well: petitioner has not exhausted his state court remedies. Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A review of the state court's docket sheet shows that after the court imposed the modified sentence on September 25, 2008, petitioner filed a notice of intent to pursue postconviction relief. However, he apparently has not yet initiated that appeal. According to petitioner, he is now waiting for a public defender to be assigned to his case.

Although the state's delay in securing public defender representation for petitioner is troubling, nothing in the petition suggests that the delay is inordinate or inexcusable and petitioner does not allege inordinate appellate delay as an independent ground for relief. Allen v. Duckworth, 6 F.3d 458, 460-61 (7th Cir. 1993) (noting that it was "conceivable" that delay in processing defendant's appeal could make continued imprisonment unlawful). A petitioner "cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting." Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995). I encourage petitioner to bring his concerns about the delay in his appeal to the attention of the public defender's office and the state courts. If petitioner finds that nothing continues to be done on his case in spite of his good faith efforts to get his appeal moving, he can file a new habeas petition and ask this court to excuse him from the exhaustion requirement. 28 U.S.C. § 2254(b)(1)(B). At this juncture, however, I am unable to find that petitioner lacks an effective state court remedy. Accordingly, the petition will be dismissed for petitioner's failure to exhaust his state court remedies.

As a final matter, I note that under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking to file a federal habeas petition must do so within one year from the date on which his state court judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. The dismissal of the instant petition does not implicate petitioner's ability to later file a timely federal petition because it appears that his state court judgment has not yet become final. Burton v. Stewart, 549 U.S. 147, 156 (2007)

(defendant's limitations period under 28 U.S.C. § 2244(d)(1)(A) does not begin to run until both his conviction and sentence become final); State v. Scaccio, 2000 WI App 265, ¶5, 240 Wis. 2d 95, 101 (defendant who initiates appeal with modification of sentence as one issue has opportunity to pursue "full blown appeal" that allows challenge to issues in addition to sentence modification).

ORDER

IT IS ORDERED that Donald Newell, Jr.'s petition for a writ of habeas pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 12th day of February, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge